**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONIKA AGUIRRE,<br><br>    Plaintiff,<br><br>    v.<br><br>AETNA RESOURCES, LLC,<br><br>    Defendant. | Case No.: 1:20-cv-0414 JLT EPG<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISSING THE ACTION WITHOUT PREJUDICE<br><br>(Docs. 12, 40) |

    Monika Aguirre was employed as a director of third-party administrators by Aetna Resources and seeks to hold her former employer liable for disability discrimination, failure to engage in the interactive process, failure to accommodate a disability, retaliation, and wrongful termination. (*See* Doc. 1-1 at 4-22.) Aetna asserts Aguirre entered into an arbitration agreement for all employment-related disputes and seeks to compel arbitration. (Docs. 12, 13.)

    On October 20, 2021, the motion was referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 34.) The magistrate judge issued Findings and Recommendations on December 6, 2021, recommending the motion be granted and Aguirre be compelled to arbitrate her claims under the Federal Arbitration Act. In addition, the magistrate judge recommended the action be dismissed. (Doc. 40.)

    The Federal Arbitration Act applies to arbitration agreements in any contract affecting interstate commerce. 9 U.S.C. § 2; *see also Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001). There

1

1 is no dispute that Aetna operate nationwide, such the business affects interstate commerce, and the
2 Federal Arbitration Act governs the matter.  (*See* Doc. 40 at 2, n.1.)  The Court's role in applying the
3 FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2)
4 whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Systems*,
5 207 F.3d 1126, 1130 (9th Cir. 2000), citing 9 U.S.C. § 4.
6 　　　　The magistrate judge determined Aguirre and Aetna entered into valid arbitration agreements,
7 and Aetna did not waive its right to compel arbitration. (Doc. 40 at 8-16.)  In addition, the magistrate
8 judge found Aguirre's allegations related to "her alleged disability and Defendant's alleged improper
9 conduct based on her disability, including terminating her employment. . . unquestionably 'touch
10 matters' covered by the arbitration clauses that required [Aguirre] to submit 'all employment-related
11 legal disputes … [to] binding arbitration.'" (*Id.* at 18-19, quoting Doc. 1-13 at 10, Doc. 14-10 at 9.)
12 Accordingly, the magistrate judge recommended Aguirre be compelled to arbitration.  (*Id.* at 22.)
13 　　　　Further, Aetna requested the action be dismissed because all claims were subject to arbitration.
14 (*See* Doc. 13 at 9.)  The magistrate judge noted that when all claims raised in the action are subject to
15 arbitration, the action may be dismissed or stayed.  (Doc. 40 at 22, citing 9 U.S.C. § 3; *Sparling v.*
16 *Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Johnmohammadi v. Bloomingdale's, Inc.*, 755
17 F.3d 1072, 1073–74 (9th Cir. 2014).)  Because each of Aguirre's claims were "barred from proceeding
18 in this Court due to the parties' agreement to arbitrate employment disputes," the magistrate judge
19 recommended the request for dismissal be granted.  (*Id.*)
20 　　　　On December 6, 2021, the parties were informed they had fourteen days from the date of
21 service to "*file* written objections with the Court" to the Findings and Recommendations.  (Doc. 40 at
22 22, emphasis added.)  On December 20, 2021, the Court received email correspondence from Aguirre's
23 counsel, requesting an extension of time to file objections.  (Doc. 41.)  In the informal communication,
24 counsel requested: (1) oral argument on the matter and (2) "the court retain jurisdiction or remand the
25 case back to the Fresno County Superior Court" for the state court to retain jurisdiction pending
26 arbitration.  (*Id.* at 1.)  The magistrate judge granted the request for an extension of time and ordered
27 Aguirre to file any objections no later than December 30, 2021.  (Doc. 42.)  On December 29, 2021,
28 counsel for Aguirre again emailed the chambers of the magistrate judge, reporting technical difficulties

and attaching his objections to the Findings and Recommendations. In response, the Court directed counsel to file the objections on the docket. (*See* Doc. 44.) After Aguirre failed to file any objections, the Court issued a minute order directing "counsel to file Plaintiff's objections to the December 6, 2021, findings and recommendations on the docket by the close of business on January 14, 2021." (*Id.*) Although more than a month has passed since the Court issued the minute order—and it is now more than two months after the extended deadline of December 30, 2021—no objections were filed by Aguirre.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a *de novo* review of this case. The Court does not find oral arguments are necessary at this juncture, and Aguirre identified no basis to remand the matter to the Fresno County Superior Court. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations are supported by the record and proper analysis. Because all claims raised by Aguirre are subject to arbitration, the Court exercises its discretion to dismiss the action. *See Sparling,* 864 F.2d at 638 (indicating district courts have discretion to either stay or dismiss a case upon finding all claims are subject to arbitration).

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated December 6, 2021 (Doc. 40) are adopted in full.
2. Defendant's motion to compel arbitration (Doc. 12) is **GRANTED**.
3. This case is **DISMISSED** without prejudice; and
4. The Clerk of Court is directed to close this case, as this order terminates the matter.

IT IS SO ORDERED.

Dated:  **March 9, 2022**

/s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE